IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re: ) | Case No. 19-03672-5-DMW |
| ) | Chapter 13 |
| RYAN A. ALBRACHT, ) | Judge David M. Warren |
| ) | |
| Debtor. ) | |
| _____) | |

## MOTION TO ALTER OR AMEND JUDGMENT

The United States moves the Court to reconsider its order sustaining the debtor's objection to the IRS's claim in this case. (Dkt. 44). Specifically, the government asks the Court to reconsider its conclusion that it could not reach the question of whether the shared responsibility payment constitutes a tax measured by income. In the alternative, the Court should modify its ruling so as not to sustain the objection, but rather to grant the government leave to amend its proof of claim for the unpaid shared responsibility payment for 2016 and 2018 as a tax measured by income.

## PROCEDURAL BACKGROUND

The debtor filed a bankruptcy petition on August 12, 2019. (Dkt. 1). The Internal Revenue Service timely filed a proof of claim that (after amendments) sought priority treatment of the shared responsibility payment owed by the debtor for tax years 2016 and 2018. (See Claim 3-5). Under "kind of tax," the proof of claim listed each of those shared responsibility payments as an "excise" tax. (Id.).

Debtor filed an objection to the claim. (Dkt. 18). In that objection, he asked that the Court reclassify these two assessments as unsecured general claims. (Id.). The objection

premised that argument solely on the debtor's (correct) understanding that these were assessments of the shared responsibility payment. (Id.).

The government's response raised a number of arguments as to why its claim for the shared responsibility payments is entitled to priority treatment. (Dkt. 24). One of those arguments was that the shared responsibility payment met the definition of "a tax on or measured by income." (Id. at 16 (quoting 11 U.S.C. § 507(a)(8)(A))).

The Court allowed the debtor's objection. (Dkt. 44). In doing so, it did not consider the government's argument that the shared responsibility payment constitutes a tax on or measured by income. (Id. at 9, ¶ 21). The Court premised its decision to not consider the argument on the fact that the proof of claim listed the shared responsibility as an excise tax. (Id.).

## STANDARD OF REVIEW

Rule 9023, which incorporates Federal Rule of Civil Procedure 59 into bankruptcy's procedural rules, "provides for the filing of a motion to alter or amend the judgment." In re Babb, No. 06-03003-8-JRL, 2009 WL 1609394, at *1 (Bankr. E.D.N.C. June 8, 2009). Rule 3008 and section 502(j) of the Bankruptcy Code also authorize the filing of such a motion when a court allows or disallows a claim against the estate.

In the Fourth Circuit, the movant must show one of three reasons that justifies granting such a motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993); see also Babb, 2009 WL 1609394, at *1.

# ARGUMENT

The Court should grant the motion to reconsider for two reasons. First, having rejected the government's claim as an excise tax, the Court should have considered and accepted the government's argument that the shared responsibility payment constitutes a tax measured by income, and this clear error of law warrants relief. Second, before disallowing the claim and declining to consider the argument that the shared responsibility payment is a tax measured by income because the proof of claim described the shared responsibility payment as an excise tax, the Court should have allowed the Internal Revenue Service to amend its claim. Allowing amendment prevents manifest injustice.

### 1.    The Court should consider and adopt the government's argument that the shared responsibility payment constitutes a tax "on or measured by income."

A proof of claim is simply "a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). Here, the Internal Revenue Service filed such a proof of claim, which apprised the debtor and the Court that the government sought payment of the shared responsibility payment. In the objection to claim, the debtor admitted he understood this to be the impetus for the proof of claim. (Dkt. 18). The proof of claim served its intended purpose: it placed the parties and the Court on notice of the nature of the government's argument. Given this, there is no reason for the Court to decline to consider the government's argument regarding priority treatment under the "tax measured by income" analysis.[1]

---

[1]    The Court analogized this posture to the Fifth Circuit's opinion in Matter of Chesteen, No. 19-30195, 2020 WL 859688 (5th Cir. Feb. 20, 2020). But in that case, the government did not raise an argument under § 507(a)(8)(A) *in the pleadings* in the bankruptcy court or the district court. The argument was not raised until the case reached the Court of Appeals. Id. at *2. The United States is aware of no court that has failed to consider the argument simply because of the way the debt has been characterized on the proof of claim. This Court has previously considered such arguments when the proof of claim labeled the exaction an excise tax. In re

(continued...)

Moreover, the Court should rule (as the government previously argued) that the exaction is a tax on or measured by income. (Dkt. 24 at 16). Indeed, the shared responsibility payment simply cannot be calculated without reference to income. 26 U.S.C. § 5000A(e)(2) (2018). "This analysis is bolstered by a plain reading of [section 507(a)(8)(A)], "which covers *all taxes on or measured by income*, not just 'income taxes,' which would encompass a more narrow group." In re Williams, 173 B.R. 459, 463 (Bankr. E.D.N.Y. 1994), aff'd at 188 B.R. 331 (E.D.N.Y. 1995). Indeed, it is "undisputed" that the language of section 507(a)(8)(A) covers such a broad array of taxes. In re Greektown Holdings, LLC, No. 08-53104, 2013 WL 2285763, at *4 (Bankr. E.D. Mich May 16, 2013) (citing Williams).

For taxpayers that chose to forego health insurance and thus were required to pay the shared responsibility payment, it was calculated as a percentage of income. 26 U.S.C. § 5000A(c)(2)(B). Congress set both a minimum income below which the payment was $0 and a maximum income above which the payment no longer increased. The minimum, maximum, and points in between are all measured by income. For example, while Congress set a statutory maximum above which the shared responsibility payment no longer increased, 26 U.S.C. § 5000A(c)(2)(A), the amount of the shared responsibility payment is determined or measured relative to the taxpayer's income. Thus it is "a tax on or measured by income," and is thus entitled to priority treatment. 11 U.S.C. § 507(a)(8)(A))).

The Court should have considered this argument as it was raised in the United States' response to the Objection (Dkt. 24 at 16) and because it entitles the government to priority

---

(…continued)
Bailey, No. 18-03328-5-DMW, 2019 WL 2367180 (Bankr. E.D.N.C. May 24, 2019) (Warren, J.), vacated sub nom. at United States v. Bailey, No. 5:19-cv-226, 2019 WL 7403930 (E.D.N.C. Nov. 21, 2019).

4

treatment of the shared responsibility payment.  The Court declined to consider the argument because the proof of claim did not describe the debt as a tax measured by income.  As explained above, the Internal Revenue Service claim was adequate and the description of the debt as an excise tax rather than a tax measured by income should not preclude the Court from considering the argument.  Even if the claim were defective as submitted, as explained below, the Court should allow the Internal Revenue Service to amend its claim to cure this purported defect, describe the claim with greater particularity, or add a new theory on which to defend its claim, rather than disallowing the claim in full.

### 2. Alternatively, the Court should grant the government leave to amend its proof of claim.

"It is well established that a creditor need not timely file a letter perfect proof of claim before the expiration of the time fixed by the court for the filing of such and that 'in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" In re South Atlantic Fin. Corp., 767 F.2d 814, 819 (11th Cir. 1985) (quoting In re International Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir.1985)).  Here, the United States need only amend the proof of claim to describe the shared responsibility in a way that mirrors a theory that has been before the Court since it filed a response to the debtor's objection to the proof of claim – that the shared responsibility payment constitutes a tax entitled to priority because it is on or measured by income.

The Fourth Circuit favors liberally allowing amendments to a proof of claim when "there is anything in the record to justify such course of action." Nat. Bank of Scottsville, Va. V. Gilmer, 37 F.2d 227, 229 (4th Cir.) ("It would be harsh and inequitable to refuse the relief upon the statements of facts above recited if there were power to grant it.").  Courts permit

amendments to a proof of claim if "such a course is in furtherance of justice." Globe Indemnity Co. of Newark, N.J. v. Keeble, 20 F.2d 84, 86 (4th Cir.) ("It is clearly the rule, laid down by all the authorities that have been consulted, that amendments to an imperfect claim to make it correct may be allowed after the expiration of the year for filing claims.").

Here, because it is manifestly unjust to allow the debtor's objection to prevail when amendment would permit the government to receive priority treatment, the Court should not sustain the objection, but instead grant the government permission to amend its proof of claim.

## CONCLUSION

The Court should reconsider its ruling on the basis that it failed to consider an argument that would allow the United States to prevail in this action. Alternatively, it should grant the government leave to amend its proof of claim to correct any deficiencies the Court finds so that it may similarly entertain that argument. A ruling to the contrary is manifestly unjust.

Date: April 13, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Kyle L. Bishop
KYLE L. BISHOP
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-616-1878
Email: kyle.l.bishop@usdoj.gov
DC Bar #999007

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those registered to receive it.

>	*/s/ Kyle L. Bishop*
>	KYLE L. BISHOP
>	Trial Attorney
>	United States Department of Justice, Tax Division