**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

RYAN A ALBRACHT,                         CASE NO. 19-03672-5-DMW
                                         CHAPTER 13
    DEBTOR

**DEBTOR'S RESPONSE TO MOTION TO ALTER OR AMEND JUDGMENT**

    **NOW COMES** the Debtor, by and through undersigned counsel, and responds to the Motion to Alter or Amend Judgment (Doc 49) filed by the United States on behalf of the Internal Revenue Service ("IRS") on April 13, 2020 and shows the following:

    1.    The IRS asks this Court to reconsider its Order Allowing Objection to Claim (Doc 44) entered on March 31, 2020 that allowed the Debtor's Objection to the Claim of the IRS and reclassified $1,874.89 of the claim from priority status to general unsecured.

    2.    The IRS filed its Motion under Bankruptcy Rule 9023 which incorporates Federal Rule of Civil Procedure 59. The standard to meet for being entitled to relief under FRCP 59(e) is one of "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). The IRS's Motion argues for relief under the third prong citing a clear error of law and the need to prevent a manifest injustice.

    3.    First, the Debtor disagrees that the Court committed a clear error of law. The proof of claim filed by the IRS made a clear distinction between what it asserted to be liability based on "INCOME" versus what it asserted to be liability based on "EXCISE," and the Debtor's Objection to Claim specifically addressed the excise tax assessments. *See* Objection to Claim (Doc 18), filed October 28, 2019.

    4.    It is not a clear error of law for the Court to consider the IRS's own assertion of what type of claim it holds and nothing more or nothing less. The IRS asserted an excise tax and the Debtor objected to the liability as an excise tax. The Debtor was not required to make his objection to the excise tax *and also* to whatever other theory the claimant might undertake at any time that might entitle the liability to priority status.

    5.    Notably, the IRS does not cite an actual law that the Court supposedly clearly erred in failing to follow. The Motion only states that the Court should have considered an alternative argument regarding what kind of liability the IRS asserted on its claim. "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific*

*Ins. Co.*, 148 F.3d at 403 (citation omitted). These circumstances do not rise to an extraordinary level to justify the relief requested.

6. Second, the IRS asserts that a manifest injustice must be prevented by allowing the proof of claim to be amended. However, "[a] motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)). This is exactly what the IRS is seeking. The IRS proof of claim asserted liability as an excise tax to which the Debtor objected. Allowing an amendment to the proof of claim enables the IRS to present its claim more completely with an alternative basis for priority status, and the Debtor would be required to file another Objection and re-argue the matter. Allowing this would not prevent a manifest injustice but would simply allow the IRS another bite at the same apple.

7. "In the context of a motion to reconsider, manifest injustice is defined as 'an error by the court that is direct, obvious, and observable.'" *Smith v. Waverly Partners, LLC*, No. 3:10-CV-28, 2011 U.S. Dist. LEXIS 90135, 2011 WL 3564427, at *3 (W.D.N.C. Aug. 12, 2011) (quoting *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007)). Here, the IRS has not identified a direct, obvious, and observable error committed by the Court. Rather, having lost on one theory for claiming priority status, the IRS would prefer to change its labels on the claim and put forward an alternative legal theory.

8. Finally, the Court has already indicated that the amendment proposed by the IRS would be futile. At paragraph 5 of the Court's Order (Doc 44), the Court already noted that "[t]he SRP functions as a penalty, not a tax," and the Court "thoroughly explained the reasons the SRP bears the hallmarks of a penalty, not a tax" in a different case. *See* Order Allowing Objection to Claim, Doc 44 at ¶ 6 (citing *In re Bailey*, No. 18-03328-5-DMW, 2019 Bankr. LEXIS 1601 (Bankr. E.D.N.C. May 24, 2019), *vacated*, *United States v. Bailey*, No. 5:19-cv-226, 2019 U.S. Dist. LEXIS 224472 (E.D.N.C. Nov. 22, 2019)). As such, even if the Court granted the IRS's request to amend its proof of claim and forced the Debtor to object again, the end result would be the same.

9. The IRS has not carried its burden of showing that it is entitled to relief under Bankruptcy Rule 9023 and FRCP 59. The Motion (Doc 49) should be denied.

**WHEREFORE**, the Debtor prays the Court that the IRS's Motion (Doc 49) be denied, that a hearing be set in this matter, and for such other and further relief as the Court deems just and proper.

Dated: April 30, 2020.

/s/ Travis Sasser
Travis Sasser
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Response is to be served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party by electronic transmission, pursuant to Local Rule 5005-4(9)(b).

Chapter 13 Trustee
*Served Electronically*

Internal Revenue Service
c/o Kyle L. Bishop, Esq.
*Served Electronically*

Ryan Albracht
2925 Jones Franklin Road
Raleigh, NC 27606

Dated: April 30, 2020.

      <u>/s/ Travis Sasser</u>
      Travis Sasser
      State Bar No. 26707
      2000 Regency Parkway, Suite 230
      Cary, NC 27518
      Tel: 919.319.7400
      Fax: 919.657.7400
      travis@sasserbankruptcy.com